**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4699**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DARIAN KENDELL ROBINSON,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:07-cr-00032-LHT-DLH-4)

─────────────

Submitted:  June 17, 2009              Decided:  July 6, 2009

─────────────

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Eric A. Bach, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Darian Kendell Robinson pled guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2006). The district court sentenced Robinson as a career offender to 276 months' imprisonment. Robinson timely appealed.

Robinson's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the adequacy of the Fed. R. Crim. P. 11 hearing and questioning Robinson's sentence, but concluding that there were no meritorious grounds for appeal. Robinson filed a pro se supplemental brief, challenging his conviction and sentence. Finding no meritorious grounds for appeal, we affirm.

Counsel first raises as a potential issue the adequacy of the Rule 11 plea colloquy. Our careful review of the record convinces us that the district court substantially complied with the mandates of Rule 11 in accepting Robinson's guilty plea. The court ensured that Robinson entered his plea knowingly and voluntarily and that the plea was supported by an individual factual basis. United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Next, counsel asserts that the district court engaged in impermissible double counting by using a prior conviction

2

both to raise the statutory minimum sentence from ten years' imprisonment to twenty years' imprisonment pursuant to 21 U.S.C.A. § 841(b) (West 1999 & Supp. 2009), and 21 U.S.C. § 851 (2006), and to classify Robinson as a career offender. We find that Robinson is not entitled to relief on this claim. United States v. Quiroga, 554 F.3d 1150, 1158 (8th Cir.), cert. denied, 129 S. Ct. 2175 (2009).

Counsel also questions whether the district court erred in relying on Robinson's 1990 felony convictions for purposes of determining that Robinson qualified as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(a) (2006), and whether the district court provided an adequate explanation for the sentence imposed. Under USSG § 4A1.1(e)(1), any sentence exceeding one year and one month that resulted in the defendant being incarcerated for a period of time within fifteen years of the commencement of the instant offense may be properly considered in designating a defendant as a career offender. "Commencement of the instant offense" means the point at which the defendant first engaged in conduct that would qualify as "relevant conduct." USSG § 4A1.2 cmt. n.8. We find that the district court properly considered the 1990 convictions in determining that Robinson was a career offender because Robinson was released from incarceration for those offenses less than fifteen years before he committed the instant offense.

3

Turning to the district court's explanation of its sentence, Robinson received a sentence within the properly calculated guidelines range, a sentence that is entitled to an appellate presumption of reasonableness. Rita v. United States, 551 U.S. 338, __, 127 S. Ct. 2456, 2459 (2007). The record reveals no nonspeculative basis for concluding that Robinson would have received a different sentence had the court engaged in a more thorough explanation at sentencing. Cf. United States v. White, 405 F.3d 208, 223-24 (4th Cir. 2005).

In accordance with Anders, we have reviewed the record for any meritorious issues for appeal and have found none.[*] Thus, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented

---

[*] We have reviewed the claims in Robinson's pro se supplemental brief and conclude that they are without merit.

in the materials before the court and argument would not aid the decisional process.

AFFIRMED
